IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PET ENTERPRISES, LLC, )
)
            **Plaintiff,** )
)
v. )
) No. 06-2440–CM
)
JANET TOPPER and RYAN HUISMAN, )
)
            **Defendants.** )
)

## MEMORANDUM AND ORDER

This case is before the court on Defendants' Motion to Vacate Notice of Voluntary Dismissal and Reinstate Case (Doc. 8). Defendants filed the motion in response to Plaintiff's Notice of Voluntary Dismissal (Doc. 7). Because this court lacks jurisdiction, defendants' motion is denied.

**I. Background**

This case began in state court, where plaintiff requested and obtained ex parte a Temporary Restraining Order ("TRO") against defendants' control over websites. On October 11, 2006, defendants removed the case to this court. Recognizing that the TRO would expire, plaintiff requested an extension according to Rule 65(b). Plaintiff's request, filed October 24, 2006, claimed that the conditions requiring the state-court-granted TRO remained unchanged. This court granted the ten-day extension for the TRO on October 25, 2006. Two days later, plaintiff filed its Notice of Voluntary Dismissal without noting any change of circumstance.

**II. Analysis**

Federal Rule of Civil Procedure 41(a)(1) permits the plaintiff to dismiss an action at any time before the adverse party provides service of an answer or a motion for summary judgment. Once such a dismissal is filed, "the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them." *Netwig v. Ga. Pac. Corp.*, 375 F.3d 1009, 1011 (10th Cir. 2004) (citation omitted).

On October 27, 2006, plaintiff filed its Notice of Voluntary Dismissal. This filing occurred before defendant provided service of an answer or a motion for summary judgment. Under *Netwig*, this court lost jurisdiction over this case upon plaintiff's filing. Defendants' motion is therefore denied.

Similarly, because the court lacks jurisdiction, the court is unable to enforce the TRO. *See Wyandotte Nation v. Sebelius*, 443 F.3d 1247, 1253 n.10 (10th Cir. 2006) ("[A] preliminary injunction . . . is ipso facto dissolved by a dismissal of the complaint . . . .") (citation omitted). The TRO dissolved on October 27, 2006.

Although the TRO has dissolved, its prior existence is a notable distinction from previous holdings of the Tenth Circuit. The Tenth Circuit reasoned that the effect of a voluntary dismissal "is to leave the parties as though no action had been brought." *Netwig*, 375 F.3d at 1011 (citation omitted). Because the TRO restricted defendants for twenty-three days, the voluntary dismissal cannot return the parties to their original positions. The court also notes plaintiff's rapid position change. On October 24, plaintiff argued that the "the conditions that necessitated Plaintiff's Application for TRO in state court continue to exist." On October 27, only three days later, plaintiff unilaterally terminated the TRO without elaboration. However, because plaintiff appears to have conformed to Rule 41(a)(1), this court lacks the jurisdiction necessary to take any further action in this case.

-3-

**IT IS THEREFORE ORDERED** that Defendants' Motion to Vacate Notice of Voluntary Dismissal and Reinstate Case (Doc. 8) is denied.

Dated this   2nd   day of November 2006, at Kansas City, Kansas.

    **\s\ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**